■ EMPIRE INSURANCE COMPANY, Respondent, v WADYM ZAMIATY et al., Respondents, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Robert E. White, J.), entered on December 4, 1989, which denied Government Employees Insurance Company's (GEICO) motion to vacate a default, is unanimously affirmed, with costs.

This appeal arises out of a proceeding to stay arbitration of an uninsured motorist claim. GEICO was added as additional respondent on motion of petitioner Empire Insurance Company. GEICO admittedly received notice of the proceeding and the addition of it as a party by certified letter dated May 4, 1989. Furthermore, two packages of papers relating to prior proceedings in the instant matter were received by GEICO. These papers contained all required information of the proceeding and the return date for a hearing. However, GEICO failed to appear and a default judgment was entered against it on the return date.

CPLR 5015 (a) (1) allows a party to vacate a default upon demonstration of a reasonable excuse and a meritorious defense to the underlying action. With respect to a reasonable excuse, the court may consider CPLR 2005, i.e., delay or default due to law office failure.

We find no reasonable excuse has been presented by GEICO. GEICO's claimed confusion as to the papers admittedly received by it is unavailing. The papers on their face contained all necessary information to apprise GEICO of the date, time and place of the hearing. Moreover, these papers were served, as per court order, by certified mail. Accordingly, GEICO's claimed law office failure rings hollow, and as here presented provides no basis to vacate its default. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.